Joseph G. Went, Esq.
Nevada Bar No. 9220
Susan M. Schwartz, Esq.
Nevada Bar No. 14270
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada  89134
Phone: (702) 222-2539
Fax:    (702) 669-4650
Email:  jgwent@hollandhart.com
         smschwartz@hollandhart.com

*Attorneys for Plaintiffs*
*MPower Systems India (PVT) LTD and*
*Union Power Technical Services LLC*

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MPOWER SYSTEMS INDIA (PVT) LTD., an Indian corporation; and UNION POWER TECHNICAL SERVICES LLC, a UAE limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ARTICMASTER INC., a Nevada corporation, <br><br> Defendant. <br> _____ / <br> ARTICMASTER INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> MPOWER SYSTEMS INDIA (PVT) LTD; and UNION POWER TECHNICAL SERVICES LLC; DOES 1 to 10; and ROE CORPORATION 11 to 20, inclusive. <br><br> Counter-Defendants. | Case No. 3:16-cv-00558-MMD-WGC <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

9502349_1

IT IS HEREBY STIPULATED, AGREED AND UNDERSTOOD by Plaintiffs / Counterdefendants MPower Systems India (PVT) LTD, an Indian corporation ("Mpower") and Union Power Technical Services LLC, a UAE limited liability company ("Union Power") (together with Mpower, the "Plaintiffs"), and Defendant / Counterclaimant Articmaster Inc., a Nevada corporation ("Articmaster" or "Defendant") (collectively with Plaintiffs, the "Parties") that the handling of confidential material in these proceedings shall be governed by the provisions set forth below:

1.      Discovery in the above-entitled action may involve documents or information of a proprietary and non-public nature, which the parties consider to be confidential or highly confidential.

2.      Pursuant to FRCP 26(c), good cause exists for the issuance of a protective order governing the handling of certain documents and information.

3.      This Order shall be applicable to and govern all confidential or highly confidential information in any form (including without limitation information contained in or on any tangible thing) produced or disclosed by or on behalf of any party to this litigation, in connection with this Action.

4.      The following definitions shall apply:

       a.      "CONFIDENTIAL INFORMATION" shall mean documents or information designated as "CONFIDENTIAL" by a Producing Party, who in good faith believes the documents or information constitutes or includes proprietary or non-public information that (i) is used by the party in, or pertaining to, its business; (ii) is not generally known by the general public; and (iii) the party normally would not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

       b.      "HIGHLY CONFIDENTIAL INFORMATION" shall mean documents or information designated thereon as "HIGHLY CONFIDENTIAL" by a Producing Party. This designation will be limited to those documents

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

9502349_1

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

1    containing non-public personal financial or investment information and

2    current business documents setting forth highly sensitive proprietary

3    business information, including, but not limited to, margins, costs,

4    revenues, profits, projections, sales, and marketing information

5    associated with current and future business plans. This category of

6    documents is reserved for a very select group of documents and

7    information and may only be used for that group of documents that have

8    not been disclosed to the public and that, if disclosed, may cause

9    irreparable harm or damage to a Producing Party. Such documents are to

10   be viewed only by a Receiving Party's counsel and are not to be shared

11   with counsel's clients or others not within the scope of counsel's duties as

12   they pertain to the above captioned matter.

13   c.    "Producing Party" shall mean the parties, person or entity producing

14   CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

15   INFORMATION or giving testimony in this Action regarding or relating

16   to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

17   INFORMATION which has been designated as CONFIDENTIAL or

18   HIGHLY CONFIDENTIAL subject to this Protective Order.

19   d.    "Recipient" or "Receiving Party" shall mean the party, person or entity

20   who has agreed in writing to be subject to this Protective Order to whom

21   the Producing Party makes available CONFIDENTIAL INFORMATION

22   or HIGHLY CONFIDENTIAL INFORMATION. Recipient shall

23   include those persons or entities identified in Paragraph 8 of this

24   Stipulated Protective Order.

25   e.    "Disclose" shall mean the transfer or delivery to a party, person or entity

26   of the CONFIDENTIAL INFORMATION or HIGHLY

27   CONFIDENTIAL INFORMATION, permitting the inspection or review

28   of the CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION, or communicating the contents of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

5.      CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be used by the parties in this Action solely for the purpose of this Action, and not for any other purpose whatsoever.

6.      It is the intention of the parties that the designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be used narrowly, and with the most limited use possible.

7.      The designation of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" shall constitute a representation that such document or information has been reviewed by an attorney for the Producing Party and that there is a good faith belief that such document contains confidential or highly sensitive business, financial, or technical information of the Producing Party.

8.      Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and any copies, excerpts or summaries thereof, and any further information derived therefrom, shall not be revealed, disclosed or otherwise made known to persons other than those specified below or in any manner other than as specified below:

a.      *The Court*—Any party may disclose and submit CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the Court, including all persons employed by the Court.     Any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and information derived therefrom, which are filed with the Court shall be filed in accordance with Paragraph 12 of this Stipulated Protective Order.

b.      *Outside Counsel*—CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed to outside counsel for the parties in this action, including counsel's employees and outside

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

9502349_1

1    contractors used to perform clerical functions.

2    c.   *Receiving Parties*—CONFIDENTIAL INFORMATION may be

3    disclosed to (1) the parties, (2) the parties' in-house counsel, and (3) to

4    other employees of the parties whose participation in the prosecution or

5    defense of the action is necessary in the good faith assessment of counsel

6    for the Receiving Party.

7    d.   *Expert Witnesses and Parties' outside consultants*—CONFIDENTIAL

8    INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may

9    be disclosed to outside experts and consultants retained to work on this

10   action, including employees of such experts and persons providing

11   clerical or support services.  The parties agree that such persons shall

12   agree in writing in a form substantially similar to **Exhibit "A"** attached

13   hereto in advance of receiving any HIGHLY CONFIDENTIAL

14   INFORMATION to be subject to its terms.

15   e.   *Employees And Former Employees Of The Parties*—CONFIDENTIAL

16   INFORMATION and HIGHLY CONFIDENTIAL INFORMATION of

17   the Producing Party may be disclosed by the Receiving Party during any

18   deposition in this action or at trial of the action to any employee of the

19   Producing Party or its affiliates and any former employee of the

20   Producing Party or its affiliates who was employed by a Producing Party

21   or its affiliates (1) on the date the document was prepared or dated, or (2)

22   on the dates to which the information relates.  Such information may also

23   be disclosed to any attorney representing such person at his or her

24   deposition.

25   f.   *Non-parties*—CONFIDENTIAL INFORMATION may be disclosed

26   during any deposition in the action or at trial of the actions to a non-party

27   witness (and any attorney representing such person at his or her

28   deposition) with the Producing Party' written waiver or consent on the

Page **5** of 14

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

9502349_1

record. If any party or counsel subject to this Stipulated Confidentiality Agreement is commanded to produce CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in another action, proceeding, or government investigation to a non-party pursuant to subpoena or other legal process, that party shall give written notice to, the Producing Party within three (3) business dates after receipt of the subpoena or other compulsory process identifying the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION sought, so that the Producing Party can assert a timely objection and file a motion for protective order if they desire.  If the Producing Party fails to file a motion seeking protection of the requested CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION within 10 business days after receiving the written notice described above (and immediately delivering a copy to all parties of this Stipulated Confidentiality Agreement of such motion seeking a protective order), such silence shall be deemed the Producing Party' consent to the requested disclosure.

g.  *Court Reporters*—CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed to court reporters rendering court reporting services for depositions or the trial in the above-captioned matter, including the employees of such court reporters.

9.  Recipients are prohibited from disclosing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION except as permitted by this Protective Order.

10.  Recipients of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION hereby agree to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION protected by this Protective Order.

11.  The Recipient of any CONFIDENTIAL INFORMATION or HIGHLY

9502349_1

CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

12.     In the event any Recipient to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION has been disclosed is no longer involved in this Action, said Recipient shall return all CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION to the Producing Party.  The Recipient shall remain subject to the provisions of this Protective Order.

13.     CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be designated as such by the Producing Party as follows:

a.     *Documents*—Documents shall be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by placing or affixing on the document, or on a label associated with the document, in a manner that will not interfere with its legibility, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

b.     *Non-documentary information*—In the event any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed by the Producing Party in electronic, photographic or other non-documentary form, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be placed on the jacket, cover or container in which the non-documentary CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is produced.   The Recipient shall maintain the non-documentary CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in the marked jacket, cover or container, and shall in good faith take such steps necessary to ensure that the non-documentary CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

9502349_1

INFORMATION is not disclosed except as provided in this Protective Order.

c.  In the event that documents or information that may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION are made available for inspection, upon prior written notice by the Producing Party, the party inspecting the documents and/or information shall treat all documents and information produced as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION until selected copies are furnished.  There will be no waiver of confidentiality by the inspecting of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION before it is copied and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

d.  A Producing Party shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to or contemporaneously with production and delivery of copies to the Recipient.  Unless designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, all documents or information produced shall be considered non-confidential after production.

e.  In the event that a Producing Party determines that documents or information delivered to a Recipient were inadvertently produced and not designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, a Producing Party shall provide notice in writing to the Recipient, and the Recipient shall mark as CONFIDENTIAL or HIGHLY CONFIDENTIAL those documents or information identified, which shall be deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

9502349_1

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

1    the Recipient shall treat that information in accordance with this

2    Protective Order from and after the date of receipt of written notice.

3        14.    Any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL",

4    if filed with this Court, shall be filed under seal pursuant to proceedings that adhere to the rules

5    for sealing and redacting court records.  If this Court enters written findings that the sealing of

6    the material is justified, the material will remain under seal, but the material will be unsealed if,

7    after considering the applicable rules for redacting and sealing court records, this Court denies

8    the filing Party's concurrent request to seal the material.  The Party filing any paper which

9    reflects, contains or includes any material designated "CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL" subject to this Protective Order shall also file a concurrent motion to seal

11   the material pursuant to the applicable rules for redacting and sealing court records and shall

12   temporarily file the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material in a sealed

13   envelope bearing a statement substantially in the following form until such time as this Court

14   has considered the motion:  "This envelope contains material subject to a Protective Order of

15   this Court.  Pursuant to the Protective Order, proceedings have been initiated according to the

16   applicable rules for redacting and sealing court records.  Unless this Court finds that there are

17   no grounds to seal or redact the enclosed material, the contents of this envelope should not be

18   disclosed, revealed or made public."

19       15.    Copies    of    any    CONFIDENTIAL    INFORMATION    or    HIGHLY

20   CONFIDENTIAL INFORMATION filed with this Court prior to trial or received in evidence at

21   trial of this action, and any other materials falling within the terms of this Order which are so

22   designated at trial or at time of filing, shall be kept by the Clerk of this Court pursuant to the

23   applicable rules for redacting and sealing court records. Where possible only those portions of

24   documents consisting of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

25   INFORMATION shall be filed in sealed envelopes.

26       16.    In the event a party designates as CONFIDENTIAL or HIGHLY

27   CONFIDENTIAL any information disclosed or discussed in the course of a deposition, the

28   reporter for the deposition shall be directed that questions, answers, colloquy, and exhibits

referring or relating to any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be placed in a separate volume labeled so as to reflect the confidentiality of the material contained therein.

17.    In the event any party deposing a witness wishes to show or disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a non-party witness, or a witness not qualified under this Protective Order to receive such information, the party shall not disclose the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the witness until such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION has been shown or disclosed to the attorney representing the Producing Party. The attorney representing the Producing Party shall have a reasonable opportunity at the deposition to review the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and to object on the record to its disclosure to the witness. In the event such an objection is interposed, the witness to whom the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be disclosed, and any persons attending the deposition who are not identified in paragraph 6 hereof, shall be first required to consent to and abide by the terms of this Protective Order before the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed. Should any person in the deposition refuse to consent to and abide by the terms of this Protective Order, then he or she shall leave the deposition room until the conclusion of the questioning concerning the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and shall not be entitled to receive copies of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or portions of the transcript relating to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION absent further order of this Court. This procedure applies in the case of all depositions conducted in this Action, whether conducted within or outside the State of Nevada.

18.    If any portion of a deposition transcript is filed and contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, that portion of the

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

9502349_1

transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

19.    A Recipient shall not be obligated to challenge the propriety of any CONFIDENTIAL or HIGHLY CONFIDENTIAL designation when made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event any party objects at any stage of these proceedings to a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, such party shall notify the Producing Party of its objection in writing. If the parties are unable to resolve their dispute after making good faith attempts to do so, the party challenging the designation may request appropriate relief from the Court.. The burden of proving information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is on the Producing Party.

20.    Nothing in this Protective Order shall be construed as an admission or agreement that any specific document or information is or is not confidential or is or is not otherwise subject to discovery or is admissible in evidence.  Nothing in this Protective Order shall be deemed a waiver of any party's rights to oppose production of any information or documents for any reason other than the confidentiality of such information or documents.

21.    Use of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in any Court proceeding shall not, without further order of the Court, cause such information to lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL status. The parties shall take all steps reasonably required to protect the confidentiality of such information during such use.

22.    The restrictions provided for herein shall not terminate upon the conclusion of this Action but shall continue until further order of this Court; provided, however, that this Protective Order shall not be construed: (i) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to its disclosure by the Producing Party; (ii) to apply to information which appears in printed publications or becomes publicly known through no fault of any party or its counsel; or (iii) to apply to information which any party or its counsel has lawfully obtained since disclosure by the Producing Party, or shall thereafter lawfully obtain, from a third party having the right to disclose such information.

9502349_1

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

23.     Nothing in this Order shall preclude any party to the lawsuit or its attorneys from: (i) showing a document or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to an individual who either prepared or reviewed the document or information prior to the filing of this Action; or (ii) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

24.     Upon final determination of the above-captioned proceeding, including all appeals, except as provided herein below, all documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL which are in the possession of any Recipient shall be destroyed or returned to counsel of record for the Producing Party, and all persons who have had access to or possession of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall certify that they have either destroyed such material and all copies thereof or returned all such information and all copies thereof to the Producing Party.  Notwithstanding any of the foregoing, outside counsel shall be entitled to keep their copies of pleadings and other papers submitted to the Court.

25.     Nothing in this Protective Order requires the Producing Party to produce information it  believes is privileged or otherwise non-discoverable.  However, any assertion that a document is privileged or otherwise non-discoverable shall be asserted in a privilege log.  The log shall describe the document and provide a legal basis supporting why it is privileged and/or non-discoverable.  By entering into this Protective Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Protective Order.

26.     During the pendency of the above captioned proceeding, any party who has received any document or information that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and who objects to the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," shall notify counsel for the Producing Party in writing of this objection. The Producing Party and the objecting party shall attempt to confer and resolve all objections

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

by agreement. If any objections cannot be resolved by agreement, the receiving party shall have fourteen business days (14) from the time in which the objecting party delivers its written objection to apply to the Court for a determination as to whether the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation is appropriate. Until an objection has been resolved by agreement of counsel or by order for the Court, the document or information shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as designated by the Producing Party. The burden of proof in any proceeding regarding whether the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is appropriate is, at all times, on the Producing Party.

27.    This Protective Order may be modified only by stipulation of the parties so ordered by the Court or by other Order of the Court.

DATED January 20, 2017.                                    DATED January 20, 2017.


__/s/ Joseph G. Went, Esq._____                    __/s/ Nick A. Urick, Esq._____
Joseph G. Went, Esq.                                             Nick A. Urick, Esq.
Susan M. Schwartz, Esq.                                        Law of Office of Nickolas A. Urick
HOLLAND & HART LLP                                          PO Box 371
9555 Hillwood Drive, 2nd Floor                             La Puente, California 91747
Las Vegas, Nevada 89134
                                                                              *Attorney for Defendant Articmaster, Inc.*

*Attorneys for Plaintiffs*
*MPower Systems India (PVT) LTD and*
*Union Power Technical Services LLC*


### ORDER

Paragraph 14 of the stipulation is modified to reflect that any motion to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 22 of the stipulation is modified to reflect that the court will not exercise continuing jurisdiction over the subject matter of the stipulation following dismissal of this action.

IT IS SO ORDERED.

William G. Cobb
_____
UNITED STATES MAGISTRATE JUDGE

DATED:  January 24, 2017.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I,_____ do hereby acknowledge and agree as follows:

1.      I have read the Stipulated Confidentiality Agreement and Protective Order of which the form of this agreement is an exhibit.

2.      I understand the terms of the Stipulated Confidentiality Agreement and Protective Order and agree to be bound by, and to strictly adhere to, all terms and provisions of the Stipulated Confidentiality Agreement and Protective Order.

3.      I hereby submit to the jurisdiction of the United States District Court, District of Nevada, solely for purpose of enforcement of the Stipulation and Protective Order and this Agreement.

DATED: _____, 2017.

_____
Signature

_____
Name

_____
Address

_____
Telephone Number

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

9502349_1